THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| FRANCIS NOLAN<br>325 Durfor Street<br>Philadelphia, PA 19148 | *<br><br>* |
| | Civil Case No.: _____ |
| v. | * |
| | **JURY TRIAL DEMAND** |
| O.C. SEACRETS, INC.<br>117 West 49th Street<br>Ocean City, MD 21842 | *<br><br>* |

     Serve On:    Mr. Leighton W. Moore, Jr., Resident Agent
                       117 West 49th Street   *
                       Ocean City, MD 21842
                                      *

and
                                        *

O.C. SEACRETS, LLC
117 West 49th Street                              *
Ocean City, MD 21842
                                          *

     Serve On:    Mr. Leighton W. Moore, Jr., Resident Agent
                       117 West 49th Street
                       Ocean City, MD 21842
                                         *

## COMPLAINT

Plaintiff, FRANCIS NOLAN ("Mr. Nolan"), by and through his undersigned attorneys, Amy L. Taylor, Esquire and Hearne & Bailey, P.A., hereby files this Complaint against Defendants, O.C. SEACRETS, INC. and O.C. SEACRETS, LLC (collectively referred to as "Defendants"), related to an injury that occurred on August 19, 2017, in Ocean City, Worcester County, Maryland, and for cause of action against Defendants states as follows:

### PARTIES

1. Mr. Nolan was, at all relevant times, and continues to be a citizen of the United States and an adult resident of the State of Pennsylvania.

1

2. Defendant O.C. Seacrets, Inc., upon information and belief, was, at all relevant times, and continues to be, a company incorporated under the laws of the State of Maryland, having its principal place of business in the State of Maryland, which routinely conducts and transacts business in the State of Maryland. Specific to this case, Defendant, O.C. SEACRETS, INC., is the owner, operator and/or management company of the Seacrets Resort located in Ocean City, Maryland where this incident occurred.

3. Defendant O.C. Seacrets, LLC, upon information and belief, was, at all relevant times, and continues to be, a limited liability company formed under the laws of the State of Maryland, having its principal place of business in the State of Maryland, which routinely conducts and transacts business in the State of Maryland. Specific to this case, Defendant, O.C. SEACRETS, LLP., is the owner, operator and/or management company of the Seacrets Resort located in Ocean City, Maryland where this incident occurred.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint as a tort claim between citizens of different states pursuant to 28 U.S.C. §1332.

5. The amount in controversy exclusive of interests and costs exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

## FACTS COMMON TO ALL COUNTS

6. Mr. Nolan incorporates by reference the allegations of the preceding paragraphs.

7. On or about August 19, 2017, Mr. Nolan was a customer and business invitee at the Seacrets Resort located at 117 West 49th Street in Ocean City, Worcester County, Maryland.

8. On or about August 19, 2017, Mr. Nolan suffered a severe laceration injury to his left foot as a result of a defective and hazardous condition of an outdoor seating/table in the form of exposed jagged and otherwise defective metal in the area where customers would place their

feet.

## COUNT I - Negligence

9. Mr. Nolan incorporates by reference the allegations of the preceding paragraphs.

10. As the owner, operator, and/or management company of the Seacrets Resorts, Defendants, through their agents, servants, contractors and/or employees, had complete control of the subject area including, but not limited to, the outdoor seating/table in question.

11. Defendants through their agents, servants, contractors, and/or employees owed a duty of due care to Mr. Nolan to inspect, repair, re-mediate, and maintain the seating/table facility in question in a safe and reasonable manner.

8. Defendants were negligent in that they:

   (a) failed to properly inspect the seating/table facility in question;

   (b) failed to properly maintain the seating/table facility in question;

   (c) failed to repair the seating/table facility in question;

   (d) failed to replace the seating/table facility in question; and

   (e) Failed to warn customers of hazardous conditions of the seating/table facility in question.

9. Defendants, through their agents, servants, contractors, and/or employees, had a duty to perform the necessary inspections, evaluations, warnings, remediations, repairs, and replacements to prevent, discover, and avoid the hazards and dangerous conditions which they knew, or should have known, existed and to take any and all measures to ensure a safe premises for those persons who would be invited onto the premises.

10. Defendants, through their agents, servants, contractors, and/or employees, breached all of the aforesaid duties.

3

11. Defendants are vicariously liable for the negligent acts and/or omissions of their agents, servants, and/or employees, while such individuals were acting within the course and scope of their employment.

12. As a direct and proximate result of the aforesaid negligence of Defendants, Mr. Nolan, was caused to suffer severe and permanent injuries to his left foot and left leg, pain and suffering (past and future), and other economic and non-economic damages (past and future), including, but not limited to, amounts incurred for medical care and treatment for injuries sustained in the occurrence, lost wages, and other damages (past and future). For several months following the injury to his left foot, Mr. Nolan suffered from a cellulitis infection in his left foot and suffered shooting, radiating pain in his left foot to his left toes. In August 2018, Mr. Nolan underwent surgery to excise the large keloid scar on his left foot, and remove a foreign body in his left foot. Mr. Nolan continues to suffer pain in his left foot as a result of the injury and keloid scar from this incident. In addition, he lost muscular strength and muscular mass in his left leg due to the way that he walks as a result of the injury to his left foot.

WHEREFORE, Plaintiff, FRANCIS NOLAN, requests that a judgment be entered in his favor and against Defendants, jointly and severally, for an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interests and costs, as well as such further additional relief as justice may require and which this Honorable Court deems just and proper.

August 11, 2020

_____
Amy L. Taylor, Esquire (Federal Bar #18425)
HEARNE & BAILEY, P.A.
126 East Main Street
Salisbury, MD 21801
Telephone 410-749-5144
Facsimile 410-749-8273
*Attorneys for Plaintiff*